IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WILLIAM EVANS, an individual,
and NORDISK SYSTEMS, INC., an
Oregon corporation,

   Plaintiffs,

 v.

SIRIUS COMPUTER SOLUTIONS, INC.,
a foreign business corporation,

   Defendant.

Civ. No. 3:12-cv-46-AA

OPINION AND ORDER

Jeffrey M. Edelson
Renee E. Rothauge
Lawson E. Fite
Markowitz, Herbold, Glade & Mehlhaf, P.C.
Ste. 3000, Pacwest Center
1211 SW Fifth Ave.
Portland, OR 97204-3730
 Attorneys for plaintiff William Evans

Robert E. Maloney, Jr.
Darin M. Sands
Lane Powell PC
601 SW Second Ave., Ste. 2100
Portland, OR 97204-3158
 Attorneys for plaintiff Nordisk Systems, Inc.

1 - OPINION AND ORDER

Eric J. Neiman
Sharon C. Peters
Williams, Kastner & Gibbs PLLC
888 SW Fifth Ave., Ste. 600
Portland, OR

Donna McElroy
Michael T. Lennane
Cox Smith Matthews Inc.
112 E. Pecan St., Ste. 1800
San Antonio, TX 78205
    Attorneys for defendant

AIKEN, Chief Judge:

Plaintiffs Nordisk, Inc. and William Evans filed suit against defendant Sirius, Inc. on January 10, 2012, seeking a declaratory judgment regarding the enforceability of Evans's employment agreement with Sirius. Plaintiffs also allege breach of contract, unpaid wages, intentional interference with economic relations, and failure to furnish a certified copy of Evans's personnel file in violation of Or. Rev. Stat. § 652.750. Sirius moves to dismiss plaintiffs' claims against it, or alternatively, to transfer or abate. The motion is granted, in part.

## BACKGROUND

The following facts are taken from plaintiffs' complaint.

In April 2004, MSI Systems Integrators, Inc. (MSI), a Nebraska company, hired Evans to become its first employee in its Portland, Oregon office. Due to Evans's personal relationships with customers from his prior work at IBM, he was able to bring business customers to MSI.

In July 2010, after six years of employment with MSI, Evans

2 - OPINION AND ORDER

was asked to sign an "Employee Agreement to Protect Proprietary Information and Goodwill" (Agreement). The Agreement contains a provision that purports to prohibit Evans from soliciting MSI customers or competing with MSI services or products. The consideration for signing the Agreement included "(I) my continued employment by MSI and (ii) my eligibility for severance benefits under MSI's Severance pay Policy as amended from time to time." Compl. ¶ 15. Evans signed the Agreement on July 7, 2010. Weeks after Evans signed the Agreement, MSI altered its commission structure, resulting in a 50% reduction in Evans's compensation.

When negotiating the Agreement, MSI did not disclose to Evans the changes to the commission structure nor the fact that MSI was negotiating a sale of the company to defendant Sirius, a national company significantly larger than MSI. In October 2010, MSI publicly announced it was being sold to Sirius. After the sale of MSI to Sirius, Evans continued to receive substantially reduced commissions, even while other Sirius sales employees received more significant compensation. Evans made numerous complaints regarding his pay, and though Sirius promised changes to his compensation structure, the company repeatedly failed to follow through on those promises.

On November 3, 2011, Evans gave Sirius notice of his intent to resign on November 8, 2011. Sirius instead terminated Evans's

3 - OPINION AND ORDER

employment the following day, November 4, 2011. Sirius failed to compensate Evans with all wages due and owing by the end of the first business day after his termination.

After his termination at Sirius, Evans accepted employment with Nordisk, a corporation organized under Oregon law and with its principal place of business in Oregon. Since Evans began his employment with Nordisk, Sirius has had numerous communications with Nordisk customers regarding the constraints on Evans's ability to conduct business with those customers under the terms of his Agreement with Sirius.

On December 20, 2011, Sirius sued Evans in the District of Nebraska seeking to enforce the Agreement and to prohibit Evans from soliciting any Sirius customers he conducted business with during the final twenty-four months of his employment at Sirius.

On January 10, 2012, plaintiffs filed the present suit.

## DISCUSSION

Sirius filed a Motion to Dismiss, Transfer and/or Abate plaintiffs' claims. Sirius moves to dismiss Nordisk's claims for declaratory judgment and intentional interference on grounds that Nordisk lacks standing to challenge the Agreement and fails to state a cognizable claim for tortious interference. Sirius further moves to dismiss Evans's claims based on the application of the "first filed" doctrine. In the alternative, Sirius seeks transfer of plaintiffs' claims to the District of Nebraska or a

stay of plaintiffs' claims pending resolution of its Nebraska action.

A. Declaratory Judgment

Evans and Nordisk seek a declaratory judgment regarding the enforceability of the non-solicitation provision of Evans's Agreement with Sirius. Sirius moves to dismiss Nordisk's claim on the grounds that Nordisk lacks standing to challenge a contract to which it is not a party.

The Federal Declaratory Judgment Act permits federal courts to exercise jurisdiction over actual cases or controversies. 28 U.S.C. § 2201. To constitute an actual case or controversy, there must be a "substantial controversy[] between parties having adverse legal interests of sufficient immediacy . . . to warrant the issuance of a declaratory judgment." Golden v. Zwickler, 394 U.S. 103, 108 (1969). Generally, a party does not have standing to request declaratory judgment regarding the enforceability of a contract to which it is neither a party nor a third-party beneficiary. See Tri-State Generation & Transmission Ass'n, Inc. v. BNSF Ry. Co., 2008 WL 2465407 at *2 (D. Ariz. June 17, 2008); Douglas v. Don King Prods., Inc., 736 F. Supp. 223 (D. Nev. 1990) ("the court cannot grant declaratory relief if the asserted controversy involves only future or speculative rights").

Here, Nordisk is neither a party nor a third-party beneficiary to the Agreement between Evans and Sirius. Thus,

5 - OPINION AND ORDER

Nordisk lacks standing to request declaratory judgment regarding the Agreement.

Nordisk relies heavily on <u>Newcal Indus., Inc. v. Ikon Office Solution</u>, 513 F.3d 1038 (9th Cir. 2008), in asserting that an exception to privity of contract applies to the facts of this case. Although the Ninth Circuit recognizes a narrow exception to the privity of contract requirement to establish standing in a declaratory judgment action, <u>Newcal</u> is inapposite. <u>Id.</u> at 1056. There, the Ninth Circuit recognized only that "the threat of suit is enough to create standing, such that the threatened party may seek a declaration that the threatening party's putative rights are invalid." <u>Id.</u> at 1056. Nordisk presents no facts to indicate that Sirius has threatened Nordisk with suit. Notably, Sirius has not sued Nordisk in Nebraska. Therefore, the narrow exception recognized in <u>Newcal</u> does not apply to the facts of this case, and Nordisk accordingly lacks standing to seek the requested declaratory judgment. Nordisk's claim for declaratory judgment is therefore dismissed.

<u>B. Intentional Interference with Economic Relations</u>

Sirius next moves to dismiss Nordisk's claim for intentional interference with economic relations pursuant to Federal Rule of Civil Procedure 12(b)(6), on the grounds that Nordisk fails to state a cognizable claim.

Under Federal Rule of Civil Procedure (8)(a)(2), a complaint

must have a "short and plain statement of the claim showing that the pleader is entitled to relief." Under this standard, a complaint need not give detailed factual allegations, but must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). To survive a motion to dismiss under Rule 12(b)(6), a complaint must state sufficient factual matter to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

To state a claim for intentional interference with economic relations under Oregon law, the complaint must allege: 1) the existence of a professional or business relationship; 2) intentional interference with that relationship; 3) by a third party; 4) through improper means or for an improper purpose; 5) a causal effect between the interference and damage to the economic relationship; and 6) damages. McGanty v. Staudenraus, 321 Or. 532, 535 (1995). Sirius argues that Nordisk fails to sufficiently allege the existence of a professional or business relationship and intentional interference with that relationship, and therefore Nordisk's claim should be dismissed.

As to the first element, Sirius relies on an Oregon District Court case in arguing that Nordisk fails to sufficiently plead the existence of a professional or business relationship. FLIR

7 - OPINION AND ORDER

Sys., Inc. v. Sierra Media, Inc., 2011 WL 1832806 (D. Or. May 10, 2011). In FLIR, the plaintiff alleged only that the defendant interfered with plaintiff's economic relationships with unnamed prospective customers. Id. at *5. Though the court recognized that a prospective customer relationship could be protected under this tort, the court held that "some kind of relationship must exist prior to the action that allegedly interferes." Id. at *7. The "mere possibility a business might buy a product [] in the future is not enough, alone, to create a business relationship." Id. at *8. Therefore, the complaint must contain a statement specifying that the parties had a business relationship prior to the alleged intentional interference. Id. at *7-8.

Here, plaintiffs allege intentional interference with economic relations between Nordisk and Evans and their "current and potential customers." Compl. ¶ 38. Because Nordisk does not allege that it had a business relationship with "potential customers" prior to Sirius's alleged intentional interference, Nordisk's claim for intentional interference as it relates to potential customers is insufficient. However, I decline to dismiss the claim as to Nordisk's alleged "current customers." Unlike FLIR, plaintiffs' claim makes reference to "current customers," by its very terms implying that Nordisk and Evans maintain a present professional or business relationship with those customers.

8 - OPINION AND ORDER

Sirius next argues that Nordisk fails to allege facts showing that Sirius interfered with Nordisk's professional or business relationships. Sirius argues that the complaint alleges only communications regarding Evans's prohibited solicitations, which do not infringe on Nordisk's business relationships. I disagree. Nordisk alleges that Sirius's communications regarding Evans's non-solicitation Agreement have "intentionally interfered with *Nordisk's* ability to enter into future agreements" with their customers. Compl. ¶ 39 (emphasis added). Therefore, Nordisk has sufficiently pled the second element, intentional interference with its business or professional relationships.

Accordingly, I deny Sirius's motion to dismiss Nordisk's intentional interference with economic relations claim with respect to Nordisk's current customers.

C. First Filed Doctrine

Finally, Sirius requests that the court decline jurisdiction of this action and dismiss, or alternatively, transfer plaintiffs' claims to Nebraska under the "first-filed" doctrine. See Alltrade, Inc. v. Uniweld Prod., Inc., 946 F.2d 622, 625 (9th Cir. 1991); Church of Scientology of Cal. v. U.S. Dep't of the Army, 611 F.2d 738, 749 (9th Cir. 1979). However, plaintiffs recently submitted the decision of the District of Nebraska in Sirius Computer Solutions, Inc. v. Evans, Civ. No. 8:11CV439 (D. Neb. Apr. 23, 2012), granting Evans's motion to transfer that

action to the District of Oregon. Therefore, I find Sirius's issue moot with respect to this issue and deny the motion to dismiss, transfer or abate under the first filed doctrine. For the same reasons, I likewise deny as moot Sirius's Motion for Protective Order.

## CONCLUSION

Sirius Computer Solutions, Inc.'s Motion to Dismiss, Transfer and/or Abate (doc. 25) is GRANTED in part. Plaintiff Nordisk Systems, Inc.'s First Claim for Relief is DISMISSED. The motion is DENIED in all other respects. The motion for protective order (doc. 34) is DENIED.

IT IS SO ORDERED.

Dated this 1ST day of May, 2012.

_____
Ann Aiken
United States District Judge

10- OPINION AND ORDER